JAP:DCW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA                         C O M P L A I N T

   - against -                                  (21 U.S.C. §§ 963)

TRIFARI ANN MOSES and
RENAE CONSTANCE ANDREWS,

                  Defendants.

- - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

       JOHN MOLONEY, being duly sworn, deposes and states that he is a Special Agent of the United States Department of Homeland Security, Immigration and Customs Enforcement, duly appointed according to law and acting as such.

       Upon information and belief, on or about October 17, 2010, within the Eastern District of New York and elsewhere, the defendants TRIFARI ANN MOSES and RENAE CONSTANCE ANDREWS did knowingly, intentionally and unlawfully conspire to import into the United States from a place outside thereof a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 952(a).

       (Title 21, United States Code, Section 963).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On or about October 17, 2010, the defendant TRIFARI ANN MOSES arrived at John F. Kennedy International Airport ("JFK") in Queens, New York, aboard Caribbean Airlines Flight No. 526 from Port of Spain, Trinidad.

2. During a routine inspection, MOSES presented two suitcases to Customs and Border Protection ("CBP") officers. MOSES told CBP officers that both suitcases, as well as everything inside the suitcases, belonged to her. One of the suitcases that MOSES presented to CBP officers was a brown and beige "Gabbiano" bag.

3. Upon further inspection of the Gabbiano bag, CBP officers noted that the sides of the bag were uneven and unusually thick. CBP Officers probed the bag and discovered that it had a false side. Concealed within the false side was a white powdery substance. The powdery substance field tested positive for cocaine. MOSES was then arrested.

4. MOSES was given <u>Miranda</u> warnings which she appeared to understand and waived. MOSES then told authorities in sum and substance that she knew that she was transporting drugs into the

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause, I have not described all the relevant facts and circumstances of which I am aware.

United States.  According to MOSES, she was to receive about $4,000 for smuggling the narcotics into the country.  MOSES also stated that she was recruited as a drug courier by defendant RENAE CONSTANCE ANDREWS.  In fact, ANDREWS had arranged to meet MOSES at JFK airport in order to retrieve the Gabbiano bag from MOSES.  According to MOSES, she had previously smuggled drugs into the United States on ANDREW's behalf on two or three occasions.  MOSES showed authorities a photograph of ANDREWS.

      6.  MOSES agreed to make a phone call to ANDREWS, and consented to allow authorities to monitor the call.  During the phone conversation between ANDREWS and MOSES, ANDREWS asked MOSES on several occasions if everything was okay with the bag.

      7.  As law enforcement authorities monitored MOSES, she entered into a car parked in front of the international terminal at JFK.  At the time, MOSES was carrying the Gabbiano suitcase, which had been emptied.  After MOSES entered the car, law enforcement authorities stopped the car and discovered defendant ANDREWS in the driver's seat.  ANDREWS was then arrested.

      8.  ANDREWS was given <u>Miranda</u> warnings which she appeared to understand and waived.  ANDREWS told authorities in sum and substance that she knew that she had recruited MOSES to smuggle drugs into the United States, and that she had driven to

JFK that day to retrieve MOSES and the drugs that MOSES had smuggled into the country.

9. The total approximate gross weight of the cocaine found in the Gabbiano bag is 2,022.6 grams.

WHEREFORE, your deponent respectfully requests that the defendants TRIFARI ANN MOSES and RENAE CONSTANCE ANDREWS be dealt with according to law.

*[signature: John M Moloney]*
JOHN MOLONEY
Special Agent
U.S. Department of Homeland Security
Immigration and Customs Enforcement

Sworn to before me this
18th day of October, 2010

THE HONORABLE VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK